## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

GREG DYKSMA and TAMMY DYKSMA,   *
as Parents and Natural Guardians of      *
Nicholas Dyksma, Deceased, and as      *
Personal Representatives of the ESTATE   *
OF NICHOLAS DYKSMA,              *
                                 *

     Plaintiffs,               *     CIVIL ACTION FILE NO.
v.                              *
                                 *
DEPUTY TOMMY PIERSON,         *
SERGEANT JOE HARMON,          *
DEPUTY HEATH DAWSON, and      *
DEPUTY WILLIAM STURDEVANT,    *
                                 *
     Defendants.             *

## COMPLAINT FOR DAMAGES

COME NOW Greg and Tammy Dyksma, Plaintiffs herein, and hereby file this

Complaint against the above-named Defendants, showing the Court as follows:

## INTRODUCTION

1.

This is a 42 U.S.C. §1983 action brought under the Fourth Amendment to the

United States Constitution arising from the Defendants' objectively unreasonable use

of deadly force against the Plaintiffs' 18-year-old son, which culminated with his death

by compressional asphyxiation after Defendants pinned him to ground and obstructed

his airway after a high speed chase, which had started in another county when officers observed the teenager sleeping in his pickup truck. Defendants violated the Fourth Amendment by either participating in said use of deadly force or by standing by and failing to intercede to prevent other officers from killing Nicholas Dyksma. Plaintiffs have also asserted pendant state law claims of battery, negligence, and violations of the Georgia Constitution.

## JURISDICTION AND VENUE

### 2.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, 42 U.S.C. §1201 *et seq,* 29 U.S.C. §794, and the Fourteenth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331, §1343, and the aforementioned constitutional and statutory provisions. Plaintiffs further invoke the pendant or supplemental jurisdiction of this Court to decide claims arising under state law pursuant to 28 U.S.C. §1367.

### 3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and N.D.L.R. 3.1B(3) because the event giving rise to this claim occurred in Harris County, Georgia, which is situated within the district and divisional boundaries of the Columbus Division of the Middle District of Georgia, and because one or more of the parties

reside within said district and division.

4.

All of the parties herein are subject to the jurisdiction of this Court.

**PARTIES**

5.

Plaintiffs Greg Dyksma and Tammy Dyksma were the parents and natural guardians of Nicholas Dyksma, who died an untimely death at the age of 18 on August 31, 2015.  At the time of his death, Nicholas was unmarried and had no children, and Plaintiffs as his surviving parents are the property parties to bring this action for wrongful death.

6.

Plaintiffs also bring this action in their capacity as the personal representatives of the estate of Nicholas Dyksma.  Plaintiffs are in the process of applying for Letters of Administration in order to give them the legal capacity to assert the estate's claim.

7.

Defendant Deputy Tommy Pierson was, at all times relevant herein, a Harris County deputy sheriff who acted within the scope of his employment and pursuant to the policies and procedures of the Harris County Sheriff.  Said Defendant is subject to the jurisdiction of this Court and may be served with process by request for waiver of

service by First Class Mail sent care of the Harris County Sheriff's Office, 9825 Ga Highway 116, Hamilton, Georgia 31811.

8.

Sergeant Joe Harmon was, at all times relevant herein, a Harris County deputy sheriff who acted within the scope of his employment and pursuant to the policies and procedures of the Harris County Sheriff.  Said Defendant is subject to the jurisdiction of this Court and may be served with process by request for waiver of service by First Class Mail sent care of the Harris County Sheriff's Office, 9825 Ga Highway 116, Hamilton, Georgia 31811.

9.

Defendant Deputy Heath Dawson was, at all times relevant herein, a Harris County deputy sheriff who acted within the scope of his employment and pursuant to the policies and procedures of the Harris County Sheriff.  Said Defendant is subject to the jurisdiction of this Court and may be served with process by request for waiver of service by First Class Mail sent care of the Harris County Sheriff's Office, 9825 Ga Highway 116, Hamilton, Georgia 31811.

10.

Defendant Deputy William Sturdevant was, at all times relevant herein, a Harris County deputy sheriff who acted within the scope of his employment and pursuant to

the policies and procedures of the Harris County Sheriff.  Said Defendant is subject to the jurisdiction of this Court and may be served with process by request for waiver of service by First Class Mail sent care of the Harris County Sheriff's Office, 9825 Ga Highway 116, Hamilton, Georgia 31811.

11.

At all times relevant herein, Defendants acted under color of state law. Defendants are sued in their individual capacity only.

## FACTUAL ALLEGATIONS

12.

At approximately 2:00 a.m. on August 31, 2015, the Defendant deputy sheriffs responded to a call from the Harris County 911 radio dispatch regarding a police pursuit in progress that was coming in to the county from Columbus on Highway 27.

13.

Defendants learned from the radio that the vehicle being pursued was a gray Toyota pickup truck, but they had no information as to the reason the truck was being pursued or what crime or crimes the driver was suspected of committing.

14.

The Columbus police broke off the pursuit after the truck reached Harris County and Harris County deputies took over.

15.

Harris County deputies were able to terminate the pursuit by putting stop sticks in the road at approximately the 7-mile marker on Highway 27.

16.

Once the truck was immobilized, Defendants moved in on the driver, Nicholas Dyksma, in order to take him into custody.

17.

Seeing that the doors were locked, one or more Defendants smashed the side windows, forcibly removed Nicholas from the vehicle, and with the aid of a Taser, forced him to the ground to be handcuffed.

18.

Defendants held Nicholas down, pinning him to the ground with the weight of their bodies, and continued to do so even after he was handcuffed.

19.

The combined body weight of Defendants on his torso, including at least one knee applied to his neck, cut off his air supply so that he was unable to breath, and Defendants did not stop applying pressure on his airway until after he lost consciousness.

20.

Defendants knew or should have known that the continuous application of pressure to his torso could cause Nicholas Dyksma to asphyxiate and die, but they did so anyway and did not stop until he was dead or near death.

21.

Once they realized that Nicholas was unconscious, Defendants stopped applying pressure but simply stood there and made no attempt to resuscitate him even though one or more Defendants were trained in CPR.  It was not until the ambulance arrived some ten minutes later that Defendants made any attempt to perform CPR on Nicholas, and by then it was too late to revive him.

22.

By reason of the combined acts and omissions or Defendants, which were willful and wanton and with reckless disregard for the life of Nicholas Dyksma, Defendants caused Nicholas to die from compressional asphyxiation.

23.

Each of the Defendants acted unreasonably in causing Nicholas Dyksma's death either by participating in the actions that caused the fatal compression of his airway or by standing idly by as others compressed his airway without interceding to save his life; either way, each of the Defendants caused or contributed to causing the death.

## THEORIES OF RECOVERY

## COUNT ONE – FOURTH AMENDMENT CLAIM

### 24.

The aforementioned misconduct of Defendants in pinning Nicholas Dyksma to the ground and putting pressure on his airway constituted the use of force and, because such force was readily capable of causing death or serious bodily injury, it also constituted the use of deadly force.

### 25.

There was no justification for the use of deadly force against Nicholas Dyksma because he did not pose any immediate threat of death or serious bodily harm to Defendants or any other person, and in any event Defendants used more force than was reasonable to subdue Plaintiff and continued to use such force even after he was subdued.

### 26.

Defendants' use of life-threatening force against Nicholas Dyksma, under circumstances where the force used was objectively unreasonable and disproportionate to any alleged threat that he posed, was an unreasonable seizure of his person in violation of the Fourth Amendment of the United States Constitution.

27.

In August 2015, reasonable police officers would have known that it was unlawful to use deadly force -- including the application of pressure to the airway to prevent a suspect from breathing – in subduing a suspect who does not pose a lethal threat, and a reasonable police officer would also have known that it is unlawful to continue applying force – deadly or otherwise – against a suspect after he is subdued and no longer capable of meaningful resistance.

28.

In August 2015, reasonable police officers would have also known that they had a duty to intercede when fellow officers use excessive force in their presence. *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Bruner v. Dunaway*, 684 F.2d 422, 425-26 (6th Cir. 1982), *cert. denied*, 459 U.S. 1171 (1983). It is clearly established law in this Circuit "that an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable for his nonfeasance." *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341-42 (11th Cir. 2007); *accord, Bailey v. City of Miami Beach*, 476 Fed. Appx. 193, 196-197 (11th Cir. 2012); *Priester v. City of Riviera Beach*, 208 F.3d 919, 926-28 & n.6 (11th Cir. 2000).

29.

The law being clearly established prior to 2015 that Defendants' conduct as

either participants or bystanders in the asphyxiation death of Nicholas Dyksma was objectively unreasonable in violation of the Fourth Amendment, Defendants are not entitled to qualified immunity.

## COUNT TWO – STATE CONSTITUTIONAL CLAIM

30.

By using excessive force against Plaintiff's decedent, Defendants not only violated the Fourth Amendment but also its equivalent provision under the Georgia Constitution, Art. 1, §1, ¶13.

31.

Defendants' use of excessive force against Plaintiff's decedent also amounted to abuse of a person being arrested in violation of the Georgia Constitution, Art. 1, §1, ¶17.

32.

Because Defendants intentionally used deadly force when they knew that deadly force was unjustified, they were acting with specific intent to do wrong and to cause an injury, for which they are not entitled to official immunity under Georgia law.

## COUNT THREE – STATE LAW BATTERY CLAIM

33.

The aforementioned conduct of Defendants in using excessive force without

justification was an unlawful, injurious touching that constituted a battery under Georgia law.

34.

Because Defendants intentionally used deadly force when they knew that deadly force was unjustified, they were  acting with specific intent to do wrong and to cause an injury, for which they are not entitled to official immunity under Georgia law.

## COUNT FOUR – STATE LAW NEGLIGENCE CLAIM

35.

The aforementioned conduct of Defendants in using unreasonable force,  and in otherwise failing to act as a reasonable and prudent person in the incident giving rise to this lawsuit, constitutes negligence under Georgia law.

36.

Because Defendants acted with specific intent to cause gratuitous harm that went well beyond the level of force reasonably necessary to make an arrest, and well beyond the limits their lawful discretion as law enforcement officers, they are not entitled to official immunity under Georgia law.

## DAMAGES

37.

As a direct and proximate result of the above described conduct of Defendants,

Plaintiffs' decedent was deprived of his constitutional rights and Defendants are liable for all damages proximately flowing from said deprivation of his rights, including but not limited to decedent's pain and suffering, his mental anguish and emotional distress, reimbursement of funeral and other necessary expenses, and the full value of decedent's life which was tragically ended as a direct consequence of the unconstitutional and tortious conduct of Defendants.

38.

Defendants are liable to Plaintiffs for all of the foregoing injuries and damages in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

39.

The aforementioned conduct of Defendants rose to such a level of willfulness and reckless disregard for the consequences as to also authorize the imposition of punitive damages against Defendants under both federal and state law.

40.

Plaintiffs are entitled to recover reasonable attorney's fees and expenses of litigation on their federal claims pursuant to 28 U.S.C. §1988, and because Defendants acted in bad faith in the incident that is the subject of this lawsuit, Plaintiffs are also entitled to attorney's fees and expenses under O.C.G.A. §13-6-11.

**WHEREFORE**, Plaintiffs demand the following:

a)  That this action be tried by a jury;

b)  That judgment be entered in favor of Plaintiffs and against Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors;

c)  That Plaintiffs be awarded attorney's fees and reasonable expenses of litigation;

d)  That all costs of this action be taxed against Defendants; and

e)  That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

A JURY TRIAL IS DEMANDED.

Respectfully submitted this 14th day of February, 2017.


/s/ Craig T. Jones
_____
CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiffs

THE ORLANDO FIRM, PC
Decatur Court, Suite 400
315 West Ponce de Leon Avenue
Decatur, GA 30030
(404) 373-1800
craig@orlandofirm.com